IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| TAMMY M., | * |
| Plaintiff, | * |
| v. | * Civil No. TMD 19-3614 |
| ANDREW M. SAUL, Commissioner of Social Security, | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Tammy M. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 14).[1] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

---

[1] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

# I

# Background

On November 5, 2018, Administrative Law Judge ("ALJ") Carol Matula held a hearing where Plaintiff and a vocational expert testified. R. at 33-64. The ALJ thereafter found on December 4, 2018, that Plaintiff was not disabled from her alleged onset date of disability of July 7, 2014, through the date of the ALJ's decision. R. at 12-32. In so finding, the ALJ found that Plaintiff had engaged in substantial, gainful activity since July 7, 2014. R. at 17. The ALJ nonetheless continued with the sequential evaluation process and found that she had severe impairments, including depression and generalized anxiety disorder. R. at 17-18. She did not, however, have an impairment or combination of impairments that met or medically equaled the severity of one of the impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. R. at 18-22. In comparing the severity of Plaintiff's mental impairments to the listed impairments, the ALJ found that Plaintiff had a moderate limitation in concentrating, persisting, or maintaining pace. R. at 20-21.

The ALJ then found that Plaintiff had the residual functional capacity ("RFC") "to perform sedentary work as defined in 20 CFR 404.1567(a) except she can only perform postural movements on an occasional basis; she is limited to the performance of simple and routine job tasks; and she must have the opportunity to alternate between sitting and standing for comfort." R. at 22.[2] In light of this RFC and the VE's testimony, the ALJ found that, although she could not perform her past relevant work as a folder helper, administrative assistant, and receptionist, Plaintiff could perform other work in the national economy, such as a telephone information

---

[2] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools." 20 C.F.R. § 404.1567(a).

clerk, laminator, or addressing clerk.  R. at 26-28.  The ALJ thus found that Plaintiff was not disabled from July 7, 2014, through December 4, 2018.  R. at 28.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on December 20, 2019, a complaint in this Court seeking review of the Commissioner's decision.  Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment.  The case then was reassigned to the undersigned.  The parties have briefed the issues, and the matter is now fully submitted.

## II

## Disability Determinations and Burden of Proof

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905.  A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations.  20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003).  "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further."  *Thomas*, 540 U.S. at 24, 124 S. Ct. at

379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1522(a), 416.920(c), 416.922(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements"

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1522(b), 416.922(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1522(b)(1)-(6), 416.922(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

### III

### **Substantial Evidence Standard**

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Biestek v. Berryhill*, 587 U.S. ___, 139 S. Ct. 1148, 1154 (2019).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ failed to follow the special technique for evaluating mental impairments under 20 C.F.R. § 404.1520a. Pl.'s Mem. Supp. Mot. Summ. J. 3-11, ECF No. 13-1. She also argues that the ALJ erroneously evaluated her RFC. *Id.* at 11-15. For the following reasons, Plaintiff's contentions are unavailing.

A.  **ALJ's Application of Psychiatric Review Technique**

Plaintiff first argues that substantial evidence does not support the ALJ's findings regarding her mental impairments because the ALJ failed to follow the special psychiatric review technique under 20 C.F.R. § 404.1520a. *Id.* at 3-11. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. In addition to the five-step analysis discussed above in Part II and outlined in 20 C.F.R. §§ 404.1520 and 416.920, the Commissioner has promulgated additional regulations governing evaluations of the severity of mental impairments. 20 C.F.R. §§ 404.1520a, 416.920a. These regulations require application of a psychiatric review technique at the second and third steps of the five-step framework, *Schmidt v. Astrue*, 496 F.3d 833, 844 n.4 (7th Cir. 2007), and at each level of administrative review. 20 C.F.R. §§ 404.1520a(a), 416.920a(a). This technique requires the reviewing authority to determine first whether the claimant has a "medically determinable mental impairment." *Id.* §§ 404.1520a(b)(1), 416.920a(b)(1). If the claimant is found to have such an impairment, then the reviewing authority must "rate the degree of functional limitation resulting

from the impairment(s) in accordance with paragraph (c)," *id.* §§ 404.1520a(b)(2), 416.920a(b)(2), which specifies four broad functional areas: (1) "understand, remember, or apply information"; (2) "interact with others"; (3) "concentrate, persist, or maintain pace"; and (4) "adapt or manage oneself" (the "paragraph B criteria" of the listings for mental disorders as explained in 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b)). *Id.* §§ 404.1520a(c)(3), 416.920a(c)(3). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.00(A)(2)(b). According to the regulations, if the degree of limitation in each of the four areas is rated "none" or "mild," then the reviewing authority generally will conclude that the claimant's mental impairment is not "severe," "unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities." 20 C.F.R. §§ 404.1520a(d)(1), 416.920a(d)(1). If the claimant's mental impairment is severe, then the reviewing authority will first compare the relevant medical findings and the functional limitation ratings to the criteria of listed mental disorders in order to determine whether the impairment meets or is equivalent in severity to any listed mental disorder. *Id.* §§ 404.1520a(d)(2), 416.920a(d)(2). If so, then the claimant will be found to be disabled. If not, the reviewing authority will then assess the claimant's RFC. *Id.* §§ 404.1520a(d)(3), 416.920a(d)(3). "The ALJ's decision must show the significant history and medical findings considered and must include a specific finding as to the degree of limitation in each of the four functional areas." *Felton-Miller v. Astrue*, 459 F. App'x 226, 231 (4th Cir. 2011) (per curiam) (citing 20 C.F.R. §§ 404.1520a(e)(4), 416.920a(e)(4)); *see Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 662, 659 (4th Cir. 2017). The "failure to properly

document application of the special technique will rarely, if ever, be harmless because such a failure prevents, or at least substantially hinders, judicial review." *Patterson*, 846 F.3d at 662.

Here, the ALJ found that Plaintiff's depression and generalized anxiety disorder were among her severe impairments. R. at 17-18. The ALJ found, however, that the severity of Plaintiff's mental impairments did not meet or medically equal the criteria of Listing 12.04 (relating to depressive, bipolar, and related disorders) or Listing 12.06 (relating to anxiety and obsessive-compulsive disorders) found in 20 C.F.R pt. 404, subpt. P, app. 1 §§ 12.04 and 12.06. R. at 19. In so finding, the ALJ found that Plaintiff had no limitations in understanding, remembering, or applying information; in interacting with others, and in adapting or managing herself. She had a moderate limitation in concentrating, persisting, or maintaining pace, however. R. at 20-21.

Plaintiff maintains that the ALJ "failed to evaluate [her] pertinent symptoms, signs, and laboratory findings to determine whether she had a medically determinable mental impairment" and "failed to specify the symptoms, signs, and laboratory findings that substantiated the presence of th [sic] failed to follow the special technique [sic], as required by this regulation." Pl.'s Mem. Supp. Mot. Summ. J. 9, ECF No. 13-1. The ALJ found, however, that Plaintiff had medically determinable mental impairments that were severe at step two but did not meet or medically the criteria of Listings 12.04 or 12.06 at step three. R. at 17-19. Further, in analyzing the paragraph B criteria of these listings, the ALJ discussed at length Plaintiff's testimony and treatment history, including her reporting in February 2016 that "she was depressed and stressed out, but that a lot of it was her and her husband's relationship." R. at 19 (citing R. at 363). "She indicated that other stressors for her was [sic] that her husband drank alcohol on a daily basis and did not help with household chores." R. at 19 (citing R. at 364). "She stated that her anxiety

revolved around her children's needs, managing the chores at home, marital stressors, finances, and worrying about the future." R. at 19 (citing R. at 364). The ALJ then noted that Plaintiff reported the following month that "she was doing a lot better, noticing that her attitude had improved and she felt less moody and more laid back." R. at 19 (citing R. at 368). "Her anxiety was lower and she denied having any full-blown panic attacks." R. at 19 (citing same). "In May 2016, [Plaintiff's] symptoms continued to improve, with an improved mood, less anxiety, and she denied having any significant irritability, guilt, crying spells, and motivation." R. at 19 (citing R. at 370). In July 2016, Plaintiff's psychiatrist "told her that it was his impression that most of her symptoms were not necessarily due to depression or anxiety, but as a result of her marital issues." R. at 20 (citing R. at 374). The ALJ also gave little weight to the opinion of Plaintiff's treating therapist, who opined that she had mild to marked mental limitations, because her daily activities contradicted the therapist's opinion. R. at 26.

The ALJ thus found that "it does not appear that [Plaintiff's] mental impairments have caused [her] significant functional limitations. Instead, it has been [her] life stressors that caused her functional limitations." R. at 20. Indeed, "[s]ituational factors are not a basis for an award of disability benefits." *Haggett v. Colvin*, No. 1:12-CV-169-NAB, 2014 WL 107847, at *2 (E.D. Mo. Jan. 10, 2014). "Such situational stressors do not rise to the level of severe mental impairment, particularly where Plaintiff demonstrated improvement via therapy during and beyond these situational stressors." *Engquist v. Berryhill*, No. 16-CV-3951 (TNL), 2018 WL 1413460, at *20 (D. Minn. Mar. 21, 2018) (citation omitted); *see Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2010) ("The medical record supports the conclusion that any depression experienced by [the claimant] was situational in nature, related to marital issues, and improved with a regimen of medication and counseling."); *Dunahoo v. Apfel*, 241 F.3d 1033, 1039-40 (8th

Cir. 2001) (finding substantial evidence on the record supported ALJ's finding that claimant's depression, although severe, did not result in significant functional limitations because claimant did not allege depression for the basis of her disability, failed to follow prescribed treatment, and the depression was situational); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600-02 (9th Cir. 1999) (considering inconsistency between treating physician's opinion and claimant's daily activities to be specific and legitimate reason to discount treating physician's opinion). The ALJ did not fail to build an accurate logical bridge from the evidence to her conclusion at step three that the severity of Plaintiff's mental impairments did not meet or medically equal the paragraph B criteria of a listed mental impairment. *See Arakas v. Comm'r, Soc. Sec. Admin.*, __ F.3d __, No. 19-1540, 2020 WL 7331494, at *6 (4th Cir. Dec. 14, 2020) (citing *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). Plaintiff's contention that the ALJ erred in evaluating her mental impairments at step three is thus unavailing.

**B.     ALJ's RFC Assessment**

Plaintiff next contends that, although the ALJ determined that she had moderate difficulties with regard to concentration, persistence, or pace, the ALJ failed to include any limitation on concentration or task persistence in the RFC assessment, instead limiting her to the performance of simple and routine job tasks. Pl.'s Mem. Supp. Mot. Summ. J. 14, ECF No. 13-1 (citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015)). The Fourth Circuit held in *Mascio* that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Mascio*, 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or

pace." *Id.* The court in *Mascio* remanded the case for the ALJ to explain why the claimant's moderate limitation in concentration, persistence, or pace at step three did not translate into a limitation in the claimant's RFC. *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

Here, the ALJ stated:

> It is of note that even though the undersigned found [Plaintiff] to have moderate limitation with regard to concentrating, persisting, or maintaining pace, the undersigned has not found [Plaintiff] to have a corresponding limitation in her [RFC]. The undersigned recognizes that an [ALJ] does not account for a claimant's limitations in concentration, persistence, and pace by restricting the claimant to simple, routine tasks or unskilled work, and that the ability to perform simple tasks differs from the ability to stay on task.

R. at 26 (citing *Mascio*). "In this case, the overwhelming evidence of the limitations having been caused by [Plaintiff's] life stressors and not her mental impairments does not support a specific mental limitation corresponding to her moderate limitation in the area of concentration, persistence, or pace." R. at 26. Because substantial evidence supports the ALJ's finding, remand under *Mascio* is not warranted. *See Michael F. v. Saul*, Civil Case No. TJS-19-775, 2020 WL 1074572, at *3 (D. Md. Mar. 5, 2020) ("The ALJ complied with *Mascio* by explaining why a limitation to 'unskilled, routine, and repetitive tasks involving only simple work-related decisions' was sufficient to accommodate [the claimant's] moderate limitations in concentration, persistence, and pace."); *see also Howard v. Saul*, No. 3:19-CV-00531-KDB, 2020 WL

2199629, at *5 (W.D.N.C. May 6, 2020) ("In sum, the ALJ addressed [Plaintiff's] moderate limitations in concentration, persistence, or pace and properly explained why the medical evidence supported an RFC that limited [Plaintiff] to simple, routine tasks.  The ALJ referenced the various medical records that showed there was no need for a limitation in concentration, persistence, or pace and that [Plaintiff] was capable of performing simple, routine tasks.  His explanation is supported by the record.  Accordingly, this Court holds that the ALJ's findings and mental limitations included in the RFC are sufficiently explained as required under *Mascio*.").

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here.  Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

## V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 14) is **GRANTED**.  Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**.  The Commissioner's final decision is **AFFIRMED**.  A separate order will issue.

Date: December 29, 2020                                        /s/
                                              Thomas M. DiGirolamo
                                              United States Magistrate Judge